The opinion of the Court was delivered by
O’Neall, C. J.
The question in this case is, whether the streets of the village of Bluffton are under the jurisdiction of the Commissioners of Boads ?
I am of opinion they are not. This seaboard village was laid out by the relators, and the streets were opened by them as a convenience to themselves and the persons who bought lots from them. This was no dedication of them to the public use, for it must be remembered that Bluffton was then and perhaps still is a mere summer residence.' It was not like one of our towns or villages where justice is administered, or where any public business is carried on, requiring ingress and regress. In such, of course, a street opened and accepted by public authority becomes a public way. Over even such I am not, however, aware that the Commissioners of Boads have any jurisdiction, except when they may be connected with public roads; and, then, only when the town or ville *418 has no corporate existence. An illustration may be found in the 22d and 23d sections of the Act of 1820, 9 Stat. 505. It seems, from the recital in the 22d section, that the streets laid out in the original plan of the village of Lancaster had been obstructed, the Legislature, therefore, authorized the Commissioners of Roads for Lancaster District to cause them to be opened and put them in good order. The 23d section declared the future obstruction of them by any one to be unlawful, and subjected the offender to a fine of one hundred dollars, to be recovered in ány court, by action of debt or otherwise, and also declared the same subject to a prosecution for a nuisance.
If the streets in that village were highways, then there was no necessity for any such Act as that of 1820. This legislation shows, and, as I think, correctly, that streets which were' not parcel of established highways, were in no sense entitled to that character, even in such a village as Lancaster, the seat of justice for that district.. They were mere private conveniences, and, in such a village as Biuffton, they could not rank higher than private ways appertaining to the respective lots sold and laid out by the proprietors.
The Act of incorporation, which vested the power of the Commissioners of Roads in the intendant and wardens of Biuffton, did not necessarily make the streets public ways. The Act of incorporation gave to the intendant and wardens the power, and, I suppose, authorized them to call on the inhabitants to work the streets. But that charter expired in 1856, and has not been renewed. The powers and rights of the incorporation ceased when the Act expired. No one has succeeded to their rights and powers.
The Commissioners of Roads for St. Luke’s Parish have no power beyond that conferred by the 5th section of the Act of 1825, 9 Stat. 559. It is'the power “to lay out, make and keep in repair all such roads, bridges, causeways and *419 water courses, as have been or shall hereafter be established by law, or as they shall judge necessary.”
Under this general power, I suppose, they might delare streets connected with public roads to be in such connection public highways; but beyond this, I apprehend, they cannot go. They have no more to do with the streets of an unincorporated village, not laid out on any public highway, than they would with private ways.
In this case, I do not see anything which can even give these streets the character of private paths. Eor they have not been laid out by any public authority, nor have they been used in any such way.
It may be that on a suitable application they may be established as private paths, to be worked and kept in repair by those using them, as was done in the State vs. Mobley, 1 McM. 36. In such a case, this obstruction would be indictable as a nuisance, and the Commissioners may, after they are established as private paths, direct who shall work on them; but until they be established, the Commissioners had no right to call out the inhabitants to work on them.
The motion to reverse the Circuit decision is dismissed.
Johnston and Wardlaw, JJ., concurred.

Motion dismissed.